UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTOPHER GEORGE WILEY, III (#131398) | CIVIL ACTION NO. |
| VERSUS | 23-495-JWD-EWD |
| UNITED STATES OF AMERICA GOVERNMENT | |

## RULING

This matter comes before the Court in connection with the Court's Order[1] dated July 10, 2023, directing Plaintiff to pay, by no later than July 31, 2023, the full amount of the Court's filing fee.

Pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), the Court determined that the Plaintiff was not authorized to proceed *in forma pauperis* herein and ordered him to pay, by July 31, 2023, the full amount of the Court's filing fee.[2] The Plaintiff was placed on notice that a failure to comply with the Court's Order may result in the dismissal of Plaintiff's action without further notice from the Court.[3]

In accordance with 28 U.S.C. § 1915, a prisoner filing a civil action or appeal in federal court may be granted *in forma pauperis* status but is, nonetheless, required to pay the full amount of the Court's filing fee over time in incremental installments. However, such incremental payments are not allowed and *pauper* status shall be denied where the prisoner has filed, on at least three prior occasions while incarcerated, actions or appeals that have been dismissed as legally baseless. Specifically,

---

[1] R. Doc. 3.
[2] *See* R. Doc. 3.
[3] R. Doc. 3.

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

In the instant case, the Plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal courts that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[4]

Accordingly, pursuant to 28 U.S.C. § 1915(g), this Court directed Plaintiff to pay the full amount of the Court's filing fee by July 31, 2023.  A review of the record by the Court reflects that the Plaintiff has failed to pay the filing fee as ordered.  Accordingly,

**IT IS HEREBY ORDERED** that the above-captioned proceeding be **DISMISSED WITHOUT PREJUDICE** for failure of the Plaintiff to pay the Court's filing fee.  *Judgment* shall be entered accordingly.

Signed in Baton Rouge, Louisiana, on September 7, 2023.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[4] Cases dismissed as frivolous or failure to state a claim include but are not limited to *Christopher G. Wiley v. C.M. Lensing, et al.* Civ. Action No. 96-453, R. Docs. 4 & 6 (M.D. La.); *Christopher George Wiley v. Louisiana State Penitentiary,* Civ. Action No. 96-454, R. Docs. 3 & 4 (M.D. La.); *Christopher George Wiley v. Richard Ieyoub*, Civil Action No. 99-644, R. Docs. 7 & 8 (M.D. La.); *Christopher G. Wiley v. Office of Family Support, et al.*, Civ. Action No. 01-308, R. Docs. 8 & 9 (M.D. La.).  *See also Christopher George Wiley v. The United States*, Civ. Action No. 14-354, R. Doc. 2 (M.D. La.) (denying Wiley's IFP Motion because he had accumulated three strikes and was barred from filing suit without prepaying the filing fee).